WELLINGTON F. DUNTON *vs.* KIMBALL BROTHERS COMPANY.

Sagadahoc.   Opinion December 20, 1915.

*Mortgage.    Replevin.    Title to Unborn Progeny.*

1.  The unborn progeny of domestic animals follows the title to the dam, in case of sale or mortgage.
2.  The mortgagee of a cow which was with calf at the time of the mortgage has a mortgage title to the calf when born superior to that of a subsequent mortgagee whose mortgage, given after the calf is born, specifically mentions it.
3.  A mortgage which is expressly made subject to a prior mortgage is subject to it as to all things which are by law covered by the prior mortgage.

On report.  Judgment for plaintiff.  Damages assessed at one dollar.

This is an action of replevin for two Holstein heifer calves, the product of two cows which plaintiff sold to Richardson and took back a mortgage to secure payment of purchase price.  Each cow was then with calf, which was dropped about two weeks later.  Plea, general issue.  At the conclusion of the hearing, the case was reported to the Law Court upon an agreed statement of facts, or so much thereof as may be legally admissible, the Law Court to render such final decision as law and justice may require.

The case is stated in the opinion.

*Arthur J. Dunton,* for plaintiff.

*Walter S. Glidden, and Edward W. Bridgham,* for defendant.

SITTING:  SAVAGE, C. J., SPEAR, KING, HALEY, HANSON, PHILBROOK, JJ.

SAVAGE, C J.  The controversy in this case of replevin relates to the title to two calves  Both parties claim under foreclosed mortgages of personal property.  The case comes up on an agreed statement of facts.

The plaintiff sold two cows to one Richardson and took back a mortgage to secure payment of the entire purchase price. Each cow was then with calf, and the calves were dropped about two weeks later. These calves are the ones now in question. Plaintiff's mortgage made no reference in terms to the expected calves. Five or six weeks after the calves were dropped, Richardson mortgaged the cows and calves, specifically naming the latter, to the defendant, but this mortgage was expressly made subject to the plaintiff's mortgage. Both mortgages were seasonably recorded, and both have been foreclosed  The question is, who owns the calves?

We regard it as well established law in this State that, as between mortgagor and mortgagee, the unborn progeny of domestic animals follows the title to the dam, and becomes a part of the security of the the mortgagee, and that this is true, even when no mention of the progeny is made in the mortgage  *Allen* v. *Delano,* 55 Maine, 113; *Hanson* v. *Millett,* 55 Maine, 184; *Bunker* v. *McKenney,* 63 Maine, 529. The cases of *Allen* v. *Delano* and *Bunker* v. *McKenney* arose under so called Holmes notes. But we think there is no distinction in principle. Why should there be? At the time of the contract the progeny is physically a part of the dam and has only a potential existence otherwise. And there seems to be no good reason why a sale or mortgage of the dam should not carry the unborn progeny. Some courts have held that the principle holds as long as the offspring is being sustained by the dam.

We think then that the plaintiff's mortgage covered the unborn calves. And as the defendant's mortgage was expressly made subject to the plaintiff's mortgage, it follows that the plaintiff's title by mortgage was superior to that of the defendant. It was superior as to all things which by law were covered by his mortgage. It was superior as to the calves.

It is unnecessary to consider other points made in the briefs.

*Judgment for plaintiff.*
*Damages assessed at one dollar.*